UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE

NEIL H. PARKER
_____/
                 Debtor

**Chapter 13**
**Case No: DT 09-08375**

<u>CHAPTER 13 PLAN</u>

[X] Original <u>or</u> [ ] Amendment no.:____ [ ] Pre Confirmation [ ] Post Confirmation

I. <u>GENERAL PROVISIONS</u>

    This Plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case. Terms listed after a "[ ]" are applicable only if the box is checked.

    A. <u>PLAN PAYMENT</u>   The Debtor submits all or such portion of Debtor's future income to the control of the Trustee as is, or may be necessary for the execution of the plan. The Debtor, or Debtor's employer, shall pay to the trustee the sum of $700.00 per month.

    B. <u>LIQUIDATION TEST</u>   The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date of the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

    C. <u>DISPOSABLE INCOME & TAX REFUNDS</u>   If the Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, Debtor agrees to pay into the Plan all disposable income, as defined in 11 USC 1325 (b) (2),directly to the control and supervision of the trustee for a period of not less than 36 months from the date the first plan payment was due, including income tax refunds and property tax credits received during that period. The Debtor agrees to maintain the same level of exemptions as when the case was filed except as dictated by a change in dependency allowance(s) and/or marital status. The Trustee shall have the discretion to increase the percentage to unsecured creditors as a result of additional payments made under this provision. If the debtor becomes 30 days delinquent in making payments under the plan, the trustee may submit a payroll order to the Clerk with an appropriate affidavit (copied to the debtor and debtor's counsel) and the Court may enter the payroll order without further hearing. The debtor will notify the trustee immediately of any changes of employment until the plan is completed.

    D. <u>BALLOON PAYMENT</u>   The Debtor shall remit such additional sums as may be necessary to complete payment of the Plan within 60 months of Plan confirmation.

    E. <u>VESTING OF ESTATE PROPERTY</u>   Upon confirmation of the Plan all property of the estate shall vest in the Debtor, except for the future earnings of the Debtor and other property specifically devoted to the Plan.

F.  **PROHIBITION AGAINST INCURRING POST-PETITION DEBT & DISPOSAL OF PROPERTY**
During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1000 without first obtaining approval from the Court and may not dispose of any non exempt real or personal property of a value greater than $1000 without first obtaining the consent of the Court.

G.  **UNSCHEDULED CREDITORS FILING CLAIMS**    If a creditor's claim is not listed in the schedules, but the creditor nevertheless files a timely proof of claim, the Trustee is authorized to classify the claim in to one of the classes under this Plan and to pay the claim within that class, unless the claim is disallowed.

H.  **PLAN REFUNDS**    The Trustee may in the exercise of his duties to assist the Debtor in performance under the Plan, grant reasonable refunds to the Debtor from funds paid to the Trustee but not distributed to creditors to meet emergency situations which might arise during the plan. The plan duration shall be extended to the extent necessary to repay all refunds granted.

I.  Pursuant to the Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income the Applicable Commitment Period is:

   3 years.

J   11 USC § 1325(a)(5): The holder of such claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non bankruptcy law; or discharge under section 1328; and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value as to the effective date of the land, or property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim if payments, such payments shall be in equal monthly amounts; and the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide the holder of such claim adequate protection during the period of the plan.

K.  TRICKETT   NOTICE

   ( X )Applicable if Debtor is taking State entireties exemptions and joint claims must be paid in full.

   The debtor has claimed the "State Exemptions" pursuant to 11 USC 522(b)(2) and MCLA 600.5451(1)(o) and MCLA 600.6023(a) in regard to certain real property owned by the Debtor and his spouse as tenants by the entireties. Under Michigan law, however, such property may not be exempt as to creditors who hold a joint claim against the Debtor and his spouse. As a result, allowed Joint Creditors shall be paid the full amount of their claim as opposed to creditors who have only an individual claim against the Debtor who may only be paid a dividend of their claim.

2

Creditors are advised that they have until the bar date set forth in the "Notice of Chapter 13 Bankruptcy Case, Meeting of the Creditors and Deadlines" (deadline to file Proof of Claim) to file a Proof of Claim in this Bankruptcy proceeding which must be clearly marked as a "JOINT CLAIM" if you hold a joint claim against the Debtor and his spouse or are otherwise entitled to a joint judgment against them. Such claims must attach supporting documentation to support the joint claim and must be filed according to the instructions on the Proof of Claim form you receive from the court. Failure to file a joint claim or individual claim by the aforementioned deadline will result in no dividend being paid to you. If you have any questions regarding the above, you should contact your attorney.

II. <u>TREATMENT OF CLAIMS</u>

   A. <u>PRIORITY CREDITORS</u>      Debtors shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 USC 507.

   1. The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Attorney General. Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor.

   2. Counsel for the Debtor has received a retainer of $1,300.00 prior to the filing of the case. The balance of attorney's fees in the amount of $1,300.00 plus additional attorney fees as may be allowed, are to be paid as an administrative expense through the Plan. All post petition mortgage payments shall be paid before any attorneys fees but all attorneys fees shall be paid before other secured creditors except where noted. The Debtor's attorney certifies that he has attended bankruptcy seminars and thus has obtained Chapter 13 expertise.

   3. Priority claims that are timely filed shall be paid as follows:

      a)      Real estate tax claims shall be paid pro-rata, subsequent to monthly payments on the Debtor's residence, but together with all remaining secured claims.

      b)   Other priority claims shall be paid subsequent to the payment of all secured claims.

      c)   Unless otherwise specified, claims of the Friend of the Court shall be paid outside of the plan directly by the Debtor.

      d)   Other priority payment provisions:

**All taxes deemed to have priority shall be paid in full.**

B. <u>SECURED CREDITORS</u>:
1. Debtors' principal residence:

   a. Creditor, Traverse City State Bank, shall retain its lien. The creditor shall be paid its regular monthly payment estimated to be $730.00 in the following manner:

Outside the plan as the debtors are current.

   b. Creditor, Chase, shall retain its lien. The creditor shall be paid its regular monthly payment estimated to be $595.00 in the following manner:

Outside the plan as the debtors are current.

   c. Real estate tax claims, if any, shall be paid pro-rata, subsequent to monthly payments on the Debtor's residence, but together with all remaining secured claims with interest at 12%.

2. Other Real Property creditors shall be treated as follows:

   a. Creditor, Central State Bank shall retain its lien. The creditor shall be paid its regular monthly payment in the following manner:

      1. Payments directly by the Debtor to the creditor since the Debtor is current on payments.

C. <u>UNSECURED CREDITORS</u>
1. General Unsecured Creditors: Claims in this class are to be paid from funds available after dividends to secured and priority creditors and monthly payments to creditors indicated in classes above. The payment to allowed general unsecured claimants will be satisfied by:

      a) Payment of a pro-rata share of a fixed amount of $500.00 set aside for creditors in this class.

III  <u>SPECIAL PROVISIONS</u>

A  Tax Returns: All tax returns which have become due prior to the filing of this case have been filed.

Dated: 08/12/09            _____
                                     Debtor

                                  /s/ Jeffrey C. Alandt
                                  Jeffrey C. Alandt P43810
                                  Counsel for the Debtors